**FILED**

Apr 19 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS<br>DR. R. BRAR,<br><br>Defendant. | Case No.  21-cv-02055-TSH<br><br>**ORDER OF SERVICE; DENYING<br>REQUEST TO RECOVER DAMAGES<br>FOR CONFISCATED PROPERTY**<br><br>Re: Dkt. No. 9 |

Plaintiff, an inmate at Napa State Hospital, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction.  Dkt. No. 8.  His complaint is now before the Court for review under 28 U.S.C. § 1915A.  He has been granted leave to proceed *in forma pauperis* in a separate order.  Plaintiff has also filed a motion to recover damages for confiscated property.  Dkt. No. 9.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

1    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

7    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

8    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

9    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

10   U.S. 42, 48 (1988).

11   **B.      Complaint**

12          The complaint alleges that, since in or about late January 2021, Department of State

13   Hospitals psychiatrist R. Brar has forced Plaintiff to take unnecessary psychiatric medication.  The

14   complaint further alleges that Plaintiff is not mentally ill and not dangerous, and that the medicine

15   is not needed.  Plaintiff seeks $20 million in damages.  Dkt. No. 1 at 4-5.

16          The complaint states a cognizable due process claim.  "The forcible injection of medication

17   into a nonconsenting person's body represents a substantial interference with that person's liberty."

18   *Washington v. Harper*, 494 U.S. 210, 229 (1990).  There is "a significant liberty interest in

19   avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the

20   Fourteenth Amendment." *Id.* at 221–22.

21   **C.      Motion to Recover Damages for Confiscated Property**

22          Plaintiff alleges that he mailed a letter on March 19, 2021; that the letter was opened by

23   defendant Brar; that on March 23, 2021, he was given a copy of that letter; and that defendant Brar

24   refuses to return the original letter to him.  Dkt. No. 9.  Plaintiff requests that the Court order that

25   the original letter be returned to him or that he be reimbursed for the worth of the letter.  Dkt. No.

26   9.  Plaintiff's request is DENIED as outside the scope of this action.  This action only seeks relief

27   related to forced medication.

28   //

United States District Court
Northern District of California

2

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.    The complaint states a cognizable due process claim against defendant R. Brar.

2.    The Court DENIES the motion to recover damages for confiscated property.  Dkt. No. 9.

3.    The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto (Dkt. No. 1), and a copy of this order upon defendant R. Brar at Napa Valley State Hospital, 2100 Napa Vallejo Highway, Napa CA 94558-6293.  A courtesy copy of the complaint with attachments (Dkt. No. 1) and this order shall also be mailed to the California Attorney General's Office.

4.    In order to expedite the resolution of this case, the Court orders as follows:

a.    No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

c.      Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

6.      All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

United States District Court
Northern District of California

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

8.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Dkt. No. 9.

**IT IS SO ORDERED.**

Dated: 4/19/2021

THOMAS S. HIXSON
United States Magistrate Judge